UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Lee Frasier, | ) C/A No. 9:17-221-BHH-BM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Carolina Center for Occupational Health, *CCOH*; Nurse Morris; Nurse Phillips; Nurse Rojas, | ) |
| Defendants. | ) |

This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988)[prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court]. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## PAYMENT OF THE FILING FEE:

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). A prisoner is permitted to file a civil action without prepayment of fees or security therefor under 28 U.S.C. § 1915. Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed in forma pauperis. A review of the Motion reveals that Plaintiff does not have the funds to prepay the filing fee.

Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2) is **granted**.

## TO PLAINTIFF:

This case is not in proper form for service at this time. If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.




Under General Order In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned is giving Plaintiff **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to:

1) Complete one summons form which lists every Defendant named in this matter.[1] In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide a complete name and a full address where Defendants can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. **Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins**. If it is necessary to list additional Defendants whose names and street addresses do not fit in the space on the summons form preceded by "TO: (Name and address of Defendant)," Plaintiff must attach an additional page of letter-sized (8½ inches by 11 inches) paper listing additional Defendants and service addresses. A blank form is attached for Plaintiff's use.

2) Complete, sign, and return a Form USM-285 for Defendant Carolina Center for Occupational Health.[2] Defendant's name and **street** address should be placed in the spaces preceded by the words, "SERVE AT." Plaintiff's name and address should be placed in the space designated, "SEND NOTICE OF SERVICE COPY TO . . .," and Plaintiff should sign where the form requests, "Signature of Attorney or other Originator . . . ." Plaintiff must provide Defendant's complete **street** address on the form (not a post office box address). Plaintiff must provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant, and unserved defendants may be dismissed as parties to this case. A blank form is attached for Plaintiff's use.

**No process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge.**

Plaintiff must place the civil action number listed above (9:17-221-BHH-BM) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to the Clerk of Court, Post Office Box 835, Charleston, South Carolina 29402.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall **not** use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

---

[1] Plaintiff provided an incomplete summons form that only listed Defendant Carolina Center for Occupational Health.

[2] Plaintiff provided Forms USM-285s for Defendants Morris, Phillips, and Rojas.



2

Plaintiff is a pro se litigant. Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

## TO THE CLERK OF COURT:

The Clerk shall mail a copy of this order and the proper form documents to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal. See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA. If, however, Plaintiff provides this court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

February 6, 2017
Charleston, South Carolina

**Plaintiff's attention is directed to the important WARNING on the following page.**



# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "blacked out" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).