UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Lee Frasier, | ) | C/A No. 9:17-221-BHH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| ~~Carolina Center for Occupational Health, *CCOH*;~~ | ) | |
| Nurse Morris; Nurse Phillips; Nurse Rojas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) [prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court]. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated February 8, 2017, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has partially complied with the court's Order, and this case is now in substantially proper form.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summonses and to forward copies of this Order, the summonses, the Complaint (ECF No. 1), and the Forms USM-285 to the United States Marshal for service of process. The Clerk of Court may complete the summons and sign the Form USM-285 on behalf of Plaintiff, if Plaintiff has neglected to do so. The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summonses are issued. Robinson v. Clipse, 602 F.3d 605, 608–09 (4th Cir. 2010) [tolling during initial review]. **A copy of this Order must be provided to the United States Marshal.**

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the Complaint on Defendants. The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure. The 90-day limit established by Rule 4(m) will not run during the initial review of this case; therefore the 90 days begins on the date on which the summonses are issued.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)). If the information provided by Plaintiff on the Forms

USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANTS**:

Defendants are directed to file an answer to the Complaint or otherwise plead.

**TO PLAINTIFF**:

The Clerk of Court is directed to delete Defendant "Carolina Center for Occupational Health, *CCOH*"* from the docket.

Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendant. **Unserved Defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this Order.**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendants' attorney making an appearance in this court, Plaintiff must serve Defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

**IT IS SO ORDERED**.

Bristow Marchant
United States Magistrate Judge

March 16, 2017
Charleston, South Carolina

---

*Plaintiff included the terms "Carolina Center for Occupational Health" and "CCOH" in the caption of his Complaint, but this appears to be a descriptive term, not a Defendant. Additionally, Plaintiff has not submitted proper service documents (summons and Form USM-285) for such a defendant. If Plaintiff wishes to amend his Complaint to add this entity as a defendant, he needs to amend his complaint pursuant to Federal Rules of Civil Procedure and provide the proper service documents.

2